Singh v. Bondi

BIA
Pierro, IJ
A202 138 453

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

GURSAMEETL SINGH,[1]
> *Petitioner*,

v.                                                                              23-6750-ag

_____

[1] Our caption uses the agency's spelling of the petitioner's name for consistency with the agency records, but the correct spelling is Gursameet. *See* Certified Administrative Record at 92.

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
       *Respondent.*

_____

**FOR PETITIONER:**          Jaspreet Singh, Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Krishana Patel, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gursameet Singh, a native and citizen of India, seeks review of a June 14, 2023, decision of the BIA affirming a November 14, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gursameetl Singh,* No. A 202 138 453 (B.I.A. June 14, 2023), *aff'g* No. A 202 138 453 (Immigr. Ct. N.Y. City Nov. 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong*

2

*Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review questions of law and application of law to fact *de novo* and factual findings for substantial evidence." [2] *KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a well-founded fear of future persecution. *See id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b). A CAT applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The agency did not err in concluding that Singh did not establish past persecution or a well-founded fear of future persecution or likelihood of torture.

## I.     Past Persecution

The agency found that the harm Singh suffered – two beatings that resulted in bruising and some bleeding and that did not require serious medical treatment – did not constitute past persecution. We find no error in that conclusion.

---

[2] It is unsettled whether we review a finding regarding past persecution *de novo* or under a substantial evidence standard. *See KC*, 108 F.4th at 134. We need not resolve that question here, as the petition fails under either standard.

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). "[A] minor beating or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quotation marks omitted). And generally, "threats of persecution, no matter how credible, do not demonstrate past persecution." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014). "To warrant a different conclusion, an applicant must adduce objective evidence that the threat was so imminent or concrete or so menacing as itself to cause actual suffering or harm." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (citations and quotation marks omitted).

Singh suffered two beatings, first by supporters of the Congress Party and then by members of the Badal Party, in attempts to recruit him away from the Shiromani Akali Dal Mann Party. Singh testified as to the first attack: "They punched me on my stomach and then they hit me with batons on my legs. They punched me on my nose, and my nose started to bleed, and I fell on the ground." Certified Administrative Record ("CAR") at 116. He testified as to the second

4

attack: "They punched me and then with the batons all over my body. And they beat me with batons as well." *Id.* at 119. The first beating stopped when he said he would join the Congress Party, and the second when passersby approached. Singh went to the hospital after each incident and received "an injection . . . antibiotic tablets . . . Band-Aids [and a] hot compress" after the first attack, *id.* at 117, and "a tablet" and "herbal ointment" after the second attack, *id.* at 120.

The agency did not err in concluding that these events did not rise to the level of persecution because the physical harm did not result in serious injury and the beatings were not in the context of an arrest or detention. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in agency's conclusion that petitioner had not demonstrated persecution where injuries from a single beating "required no formal medical attention and had no lasting physical effect"); *cf. Baba v. Holder*, 569 F.3d 79, 81 (2d Cir. 2009) (holding that "[d]aily beatings, a near-starvation diet, and a death threat, administered by the national police during a week-long detention in harsh prison conditions, and inflicted by reason of one's membership in an opposition political party, satisfy the standard for persecution").

Singh also testified that the perpetrators of the second attack threatened his

5

life as they fled the scene of the attack, and that he later received "one or two," or "two or three," death threats by phone, but he did not provide details of the threats or identify who made the calls. CAR at 122, 130. He argues that the beatings and threats together constituted past persecution, and that the IJ failed to consider that the attacks "ended prematurely" and thus he was "spared more severe injuries and even death." Petitioner's Br. at 13.

First, Singh's argument that he was spared more severe harm or death is speculative, because he received only threats by phone after the second beating. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Second, while the agency did not explicitly discuss the threats, "we presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006); *see also Carrera v. Garland*, 117 F.4th 9, 12–13 (2d Cir. 2024) (finding "no error" where "there [wa]s no indication that the IJ failed to consider other relevant evidence"). There is no indication here that the IJ ignored evidence: the IJ considered both attacks, Singh did not give detailed descriptions of subsequent threats or identify who made them, he did not testify to subsequent harm from

6

either party, and he concedes here that he has not received further threats through his family. Even considered together, the two beatings and the threats did not establish harm rising to the level of past persecution. *See KC*, 108 F.4th at 136 ("[T]reating death threats as persecution *per se* would 'unduly handcuff' immigration authorities: because 'claims of threats are hard to disprove,' many applicants could establish past persecution simply by alleging that such threats occurred" (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000))); *Jian Qiu Liu*, 632 F.3d at 822.

## II.     Future Persecution or Torture

Because Singh did not establish past persecution, he had the burden to establish an independent well-founded fear of persecution. *See* 8 C.F.R. §§ 1208.13(a)-(b), 1208.16(b). An applicant can meet that burden by showing "that there is a reasonable possibility he . . . would be singled out individually for persecution" or "that there is a pattern or practice . . . of persecution of a group of persons similarly situated to the applicant." *Id.* § 1208.13(b)(2)(iii); *see also id.* § 1208.16(b)(2). The agency did not err in concluding that Singh did not establish a well-founded fear of persecution.

First, Singh concedes that there was no evidence that anyone in India

continued to look for him. Instead, he argues that he has a well-founded fear because the record establishes a pattern or practice of persecuting similarly situated Mann Party supporters who advocate for Khalistan, and cites country conditions evidence of violence, harassment, and arrests of Mann Party supporters. However, the same reports Singh cites also state that "political opposition parties in Punjab are able to express their ideas freely," CAR at 332 (2015 Immigration and Refugee Board of Canada Responses to Information Requests), that "[c]orroboration that members of the [Mann Party] are kept under surveillance [by the police] could not be found among the sources consulted" and similarly that "[i]nformation on whether members of the [Mann Party] are tortured by the police could not be found among the sources consulted," *id.* at 348 (2012 Immigration and Refugee Board of Canada Responses to Information Requests), that, according to differing sources, there is either "no discrimination" or "little discrimination" against Sikhs in India, and that "Sikhs do not face difficulties relocating to other areas of India," *id.* at 364-65 (2013 Immigration and Refugee Board of Canada Report on Sikhs' Ability to Relocate in India). Given this evidence, Singh did not establish a pattern or practice of persecution of people similarly situated to himself. *See, e.g., Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir.

2009) (finding no error in agency's conclusion that petitioner had not established a pattern or practice of persecution where the record included reports that Roman Catholics could practice their faith freely and that ethnic Chinese played a major role in the economy of Indonesia); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

Singh's failure to establish past persecution or a well-founded fear of future persecution is dispositive of all relief. *See KC*, 108 F.4th at 138. "Because [petitioner] fail[ed] to demonstrate the slight, though discernable, chance of persecution required for the grant of asylum, he necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief." *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (citations and quotation marks omitted). Accordingly, we need not reach the agency's alternative determination that Singh did not show that the government was unable or unwilling to protect him. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court